UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DARRYL JORDAN,

           Petitioner,                      Case No. 2:14-cv-138

v.                                                   Honorable R. Allan Edgar

CATHERINE BAUMAN,

           Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

    I.        Factual allegations

Petitioner Darryl Jordan presently is incarcerated at the Alger Correctional Facility. He pleaded nolo contendere in the Oakland County Circuit Court to three counts of armed robbery, MICH. COMP. LAWS § 750.529, one count of assault with a dangerous weapon (felonious assault), MICH. COMP. LAWS § 750.82, and four counts of possessing a firearm during the commission of a felony (felony firearm), MICH. COMP. LAWS § 750.227b. He also pleaded guilty to being a third felony offender, MICH. COMP. LAWS § 750.529. The pleas were entered in accordance with *People v. Cobbs*, 505 N.W.2d 208 (Mich. 1993) (holding that, where a judge preliminarily agrees to a particular sentence as the basis for a defendant's entry of a plea, the defendant must be given an opportunity to withdraw his plea if the subsequent sentence exceeds the preliminary evaluation). Under the agreement, the court promised to sentence Petitioner at the bottom of the applicable sentencing guidelines range. On March 6, 2012, the court sentenced Petitioner to 14 years and 3 months to 50 years for each of the armed-robbery convictions, 2 to 8 years for the felonious assault conviction, and consecutive 2 years for each of the felony-firearm convictions.

Petitioner sought leave to appeal his convictions and sentences to the Michigan Court of Appeals. Petitioner alleges in his petition that he raised the following issues on appeal: (1) ineffective assistance of counsel; (2) double jeopardy; (3) due process; (4) sentenced on invalid information; and (5) violation of the *Cobbs* agreement. (*See* Pet., docket #1, Page ID#2.) However, according to his attached brief in support of the delayed application for leave to appeal to the court of appeals, Petitioner raised only three grounds for relief. (*See* Ex. to Pet., docket #1-2, Page ID##47-87.) In his first appellate issue, Petitioner challenged the scoring of sentencing guideline

variable OV-4 under state law and the Due Process and Equal Protection Clauses, and he argued that counsel had been ineffective in failing to raise the issue below. In his second issue on appeal, Petitioner challenged the weight given to the fact that Petitioner is a third felony offender and the failure to depart downward in setting the sentence, again invoking due process, equal protection and the ineffective assistance of counsel. Petitioner's third appellate issue challenged the court's order requiring Petitioner to pay the cost of his appointed counsel, once more invoking due process and the ineffective assistance of counsel. (*Id.*) The court of appeals denied leave to appeal on March 6, 2013. Petitioner attempted to file a motion for reconsideration on April 19, 2013, in which he invoked double jeopardy, judicial misconduct, prosecutorial misconduct, ineffective assistance of counsel, and violations of due process. (*Id.*, Page ID##118-20.) The motion was rejected as untimely. (*Id.*, Page ID#121.)

In his petition to the Michigan Supreme Court, Petitioner raised the following claims in the Michigan Supreme Court: (1) ineffective assistance of counsel; (2) due process; (3) violation of a *Cobbs* agreement; (4) double jeopardy; (5) sentenced on invalid information; (6) prosecutorial misconduct; and (7) judicial misconduct. (*See id.*, Page ID##95-114.) The Supreme Court denied leave to appeal on September 3, 2013.

On October 1, 2013, Petitioner sent a letter to the judge, in which he argued that he was scored and sentenced on invalid information. In an opinion and order issued October 11, 2013, the trial court denied the motion. He did not appeal that order.

On January 28, 2014, Petitioner filed a motion to correct an invalid sentence and for resentencing. Having received no response to his motion, Petitioner wrote to the judge, inquiring about the status of the motion and expressly requesting that the motion not be considered a motion

for relief from judgment under MICH. CT. R. 6.502. Petitioner has not yet received an order deciding his motion, but he has received an order of the court indicating that the motion will be decided not later than July 16, 2014. (Supp. to Pet., docket #2, Page ID#150.)

Petitioner's habeas application was filed on or about June 17, 2014.[1] In his petition, he raises six grounds for relief: (1) ineffective assistance of counsel; (2) double jeopardy; (3) sentenced on invalid information; (4) violation of *Cobbs* agrement; (5) prosecutorial misconduct; and (6) due process.

II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on June 17, 2014, and it was received by the Court on June 23, 2014. Thus, it must have been handed to prison officials for mailing at some time between June 17 and 23. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner alleges that he raised all of his claims at all levels of the Michigan courts. Contrary to his allegations, however, Petitioner's appeal to the Michigan Court of Appeals alleged two state sentencing issues that, while they cited federal constitutional provisions, arguably were insufficiently developed as federal claims. *See Onifer v. Tyszkiewicz*, 255 F.3d 313, 315 (6th Cir. 2001) (holding that a petitioner has fairly presented his claims when he identifies the constitutional right that he claims has been violated and the particular facts which supported his claims to the state courts). In any event, the brief on appeal failed entirely to raise the issues of double jeopardy, due process through the violation of the *Cobbs* agreement, and ineffective assistance of counsel as it applies to the new claims. Although Petitioner attempted to file a motion for reconsideration raising his present claims, he was not successful in doing so. As a consequence, these claims were raised for the first time in his application for leave to appeal to the Michigan Supreme Court.

Presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Applying *Castille*, the Sixth Circuit repeatedly has recognized that a habeas petitioner does not comply with the exhaustion requirement when he fails to raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's highest court. *See Skinner v. McLemore*, 425 F. App'x 491, 494 (6th Cir. 2011); *Thompson v. Bell*, 580 F.3d 423, 438 (6th Cir. 2009); *Warlick v. Romanowski*, 367 F. App'x 634, 643 (6th Cir. 2010); *Granger v. Hurt*, 215 F. App'x 485, 491 (6th Cir. 2007); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *accord*

*Parkhurst v. Shillinger*, 128 F.3d 1366, 1368-70 (10th Cir. 1997); *Ellman v. Davis*, 42 F.3d 144, 148 (2d Cir. 1994); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 669 (7th Cir. 1990); *but see Ashbaugh v. Gundy*, 244 F. App'x 715, 717 (6th Cir. 2007) (declining to reach question of whether a claim raised for the first time in an application for leave to appeal to the Michigan Supreme Court is exhausted). Unless the state supreme court actually grants leave to appeal and reviews the issue, it remains unexhausted in the state courts. *Castille*, 489 U.S. at 351. Petitioner's application for leave to appeal was denied, and, thus, the issues were not reviewed. As a consequence, Petitioner has not fully exhausted his claims.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under MICH. CT. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion.[2] Therefore, the Court concludes that he has at least one available state remedy. In order to properly exhaust his claims, Petitioner must file a motion for relief from judgment in the Oakland County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *See Duncan*, 513 U.S. at 365-66.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to

---

[2]Although the state court has not yet ruled on his motion to correct the invalid sentence and for resentencing, Petitioner expressly advised the court that the motion was not intended to be a motion for relief from judgment.

dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application for leave to appeal on September 3, 2013. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, December 2, 2013. Accordingly, absent tolling, Petitioner would have one year, until December 2, 2014**,** in which to file his habeas petition.

A properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United Stated Supreme Court. *Id.* at 332. Petitioner filed a letter, which was treated as a motion by the state court, on October 1, 2013, two months before his limitations period began to run. That motion was denied on October 11, 2013. Moreover, on January 28, 2014, less than two months after his period of limitations could have begun to run, Petitioner filed a motion to correct his sentence, which remains pending at this time, as it has not yet been resolved, even by the trial court. As a consequence, Petitioner has most of his limitations period remaining.[3]

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).[4] Petitioner has far more than sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-

---

[3]It is not entirely clear whether, after *Lawrence*, 549 U.S. 327, and *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002), Petitioner is entitled to tolling for the six-month period during which he could have, but did not, file a delayed application for leave to appeal the trial court's order denying his October 1, 2013 letter-motion. The matter is of little consequence in this case, given that Petitioner filed another collateral motion on January 28, 2014 (during that six-month appeal period) that itself remains pending. As a result, at worst, 57 days of Petitioner's one-year limitations period have expired. At best, Petitioner's period of limitations has yet to begin running.

[4]The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore a stay of these proceedings is not warranted. Should Petitioner decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

## Conclusion

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.

Dated:  7/21/2014         /s/ R. Allan Edgar
                          R. ALLAN EDGAR
                          UNITED STATES DISTRICT JUDGE